IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 08-16- GMS |
| STEPHANO ROUSSOS, | : |
| Defendant. | : |

**MOTION OF THE UNITED STATES**
**FOR A PRELIMINARY ORDER OF FORFEITURE**

The United States of America, by and through Colm F. Connolly, United States Attorney for the District of Delaware, and David C. Weiss, Assistant United States Attorney for the District of Delaware, submits its Motion for a Preliminary Order of Forfeiture in the above-entitled case for the reasons set forth below. This Motion seeks the entry of an order of forfeiture in the form of a money judgment against the defendant pursuant to the terms of the Memorandum of Plea Agreement. In addition, as the Government makes clear below, the Government anticipates that, at the appropriate time, it will move to amend the order of forfeiture to account for properties subsequently forfeited either administratively, or by this Court. A proposed order is submitted with this motion.

**The Government Seeks Entry of a Money Judgment in the Amount of $ $1,191,199.82.**

1.  Defendant has been convicted of the offenses alleged in Counts One, Two, and Three of the Felony Information. In the Felony Information, the United States gave notice to the defendant that, in the event of his conviction, he would be required to forfeit to the United States all proceeds derived from the offense alleged in Count One up to $1,191,199.82.

2.  On May 21, 2008, the Court accepted a Memorandum of Plea Agreement where

the defendant agreed to the entry of a money judgment against him in the amount of $1,191,199.82.

3. The United States has not, as of this date, identified all specific assets that were derived from the violations specified in Count One of the Felony Information. Also, the United States has not yet identified all property of the defendant that could be forfeited as a substitute asset in accordance with 21 U.S.C. § 853(p). The United States may request by separate motion leave to take discovery to identify substitute assets.

4. Accordingly, this Motion seeks entry by the Court of a money judgment in the amount of $1,191,199.82.

5. The entry of a Preliminary Order of Forfeiture in the form of a personal money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure. Such orders of forfeiture are commonplace. *See United States v. Voigt*, 89 F.3d 1050, 1084, 1088 (3d Cir. 1996) (the Government is entitled to a personal money judgment equal to the amount of money involved in the money laundering offense); *United States v. Vampire Nation*, 451 F.3d 189, 202 (3d Cir. 2006) (approving of money judgments in criminal cases).

6. Once the Preliminary Order of Forfeiture is entered, the Government may move at any time, pursuant to Rule 32.2(e)(1)(B), to amend the Order to forfeit specific property of the defendant, having a value up to the amount of the money judgment, as substitute assets. *See Voight*, 89 F.3d at 1088 (once the Government has obtained a money judgment, it may forfeit defendant's assets in partial satisfaction of that judgment).

**The Government Expects That It Will Seek to Amend the Money Judgment in the Near Future to Account for Assets Pending Administrative Forfeiture.**

7. The United States has seized from defendant two items that are currently the subject of administrative forfeiture actions. These items have an aggregate appraised value of $14,220.00:

    (1)    one 2005 Sea Doo Jet Ski; and

    (2)    one 2007 Sea Doo Jet Ski.

The 2005 Sea Doo Jet Ski has been assigned the asset identification number 08-FBI-000689 and the 2007 Sea Doo Jet Ski has been assigned the asset identification number 08-FBI-000690.

8. The government does not anticipate that any person will contest the administrative forfeiture of 08-FBI-000689 or 08-FBI-000690, and therefore, expects that the administrative forfeiture of these assets (totaling about $14,220.00 in value) will be completed in the near future. When those forfeitures are complete, the government will file a motion to amend the preliminary order of forfeiture in this case to reduce the money judgment from $1,191,199.82 to an amount that accounts for the ultimate disposition value of 08-FBI-000689 and 08-FBI-000690. See Rule 32.2(e)(1)(B) (stating that the preliminary order of forfeiture may be amended at any time).

WHEREFORE, the United States respectfully requests that this Court enter a preliminary order of forfeiture as proposed in the attached order.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

By: /s/
David C. Weiss
Assistant United States Attorney

DATED:    June 19, 2008

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 08-16-GMS |
| STEPHANO ROUSSOS, | : |
| Defendant. | : |

**<u>PRELIMINARY ORDER OF FORFEITURE</u>**

WHEREAS, on May 21, 2008, the defendant Stephano Roussos entered a plea of guilty to a Three-Count Felony Information where he agreed to the entry of a money judgment in the amount of $1,191,199.82; and

WHEREAS, the United States has filed a Motion for Entry of a Preliminary Order of Forfeiture which would consist of a personal money judgment against the defendant in the amount of $1,191,199.82; and

WHEREAS, Rule 32.2(c)(1) provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment;"

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED this \_\_\_\_ day of _____, 2008 that:

1. The Defendant shall forfeit to the United States the sum of $1,191,199.82 pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

2. Defendant shall also forfeit any property, real or personal, which constitutes or is

derived from proceeds traceable to the offenses for which he has been convicted, which property has not yet been identified or located;

3. IT IS FURTHER ORDERED that pursuant to Rule 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing, and shall be made part of the sentence and included in the judgment;

4. The United States District Court shall retain jurisdiction in the case for the purpose of enforcing this Order; and

5. The United States may, at any time, move pursuant to Rule 32.2(e) to amend this Preliminary Order of Forfeiture to substitute property having a value not to exceed $1,191,199.82 to satisfy the money judgment in whole or in part.

_____
HONORABLE GREGORY M. SLEET
UNITED STATES DISTRICT JUDGE